FILED
at___O'clock &___min___M
JAN 9 2008
United States Bankruptcy Court
Columbia, South Carolina (30)

ENTERED
JAN -9 2008
D.L.L.

## UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 07-05485-JW |
|---|---|
| Clifton L. Bowen, | Chapter 13 |
| Debtor(s). | ORDER |

This matter came before the Court for a hearing on confirmation of Debtor's chapter 13 plan. The chapter 13 trustee, William K. Stephenson, Jr. ("Trustee") objected to confirmation on two grounds: 1) lack of good faith in filing the petition under 11 U.S.C. § 1325(a)(7) and 2) lack of good faith in proposing the plan under 11 U.S.C. § 1325(a)(3). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 3015(f), 9014, and 7052, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Debtor filed two chapter 13 bankruptcy cases that were pending and dismissed during the one year period preceding the filing of this current case (C/A No. 07-05485-jw).

2. Debtor's first chapter 13 case, Case No. 06-00028-dd, was filed on January 2, 2006 and was dismissed on October 11, 2006 for nonpayment.

3. Debtor's second chapter 13 case, Case No. 06-04752-dd, was filed on October 24, 2006. The Court denied Debtor's motion to extend the stay in the second case by order on December 4, 2006, finding that Debtor had failed to prove that his case was filed in good faith. This case was subsequently dismissed on September 12, 2007 for nonpayment.

4.  Debtor filed his current case on October 5, 2007. This case was filed in order to prevent the repossession of Debtor's vehicles.

5.  On November 2, 2007, the Court entered an order denying Debtor's motion to impose the automatic stay on the grounds that Debtor did not overcome the statutory presumption that his case was filed not in good faith because he failed to present clear and convincing evidence that there had been a substantial change in his financial or personal affairs since the dismissal of his next most previous case. The order also required that any dismissal of the case be with prejudice to prohibit Debtor from filing a case under Chapters 11, 12, and 13 of the Bankruptcy Code for a period of one (1) year from the date of dismissal.

6.  Debtor filed his proposed chapter 13 plan on November 2, 2007. Under the terms of the plan, Debtor proposes to pay to the chapter 13 trustee the sum of $1,564.00 per month for sixty (60) months. The plan further provides for a distribution to general unsecured creditors of not less than ten (10) percent of their allowed claims. The schedules filed by Debtor indicate that he receives a monthly net income of $4,050.80 and has monthly expenses of $2,447.00, leaving a surplus of $1,603.80 from which his monthly payment to the Trustee could be made. Debtor's individual average monthly income has not changed significantly since his previous case. Debtor's expenses have decreased by $1615.35 per month, but his combined average monthly income likewise decreased by $1732.00 per month, as a result of his separation from his wife.

7.  At the confirmation hearing, Debtor did not testify or present other evidence, relying on counsel's argument.

## **CONCLUSIONS OF LAW**

*I.    11 U.S.C. §1325(a)(7)*

The Trustee asserts that confirmation should be denied because Debtor's bankruptcy case was not filed in good faith and because there has been no positive change in circumstances since Debtor's previous case.

Initially, the Court must determine whether the denial of an extension of stay as a result of Debtor's failure to overcome the presumption that the case was not filed in good faith under 11 U.S.C. § 362(c)(3) or (4) controls the determination of whether the case was filed in good faith for purposes of consideration of the confirmation of the plan.

This Court has previously held that the denial of a debtor's motion to extend the automatic stay does not necessarily bar confirmation of a debtor's chapter 13 plan.[1] In re Fleming, 349 B.R. 444, 447 (Bankr. D.S.C. 2006); see also In re Kurtzhan, 342 B.R. 581, 585 (Bankr. D. Minn. 2006)("The binding effect of confirmation is not affected by [the debtor's] earlier failure to prove up the feasibility requirement in the context of her motion under § 362(c)(3)."); In re Tomasini, 339 B.R. 773, 775 (Bankr. D. Utah 2006). The presumption of bad faith arising under § 362(c)(3)(C) and § 362(c)(4)(D) is limited in its application by the language of the statute to the determination of whether the automatic stay should be extended under § 362(c)(3)(B) and § 362(c)(4)(B), respectively. See 11 U.S.C. §§ 362(c)(3)(C) & 362(c)(4)(D). Furthermore, the standard of proof for rebutting the presumption of bad faith under both § 362(c)(3)(C) and § 362(c)(4)(D) is

---

[1] Further, the Court's order denying Debtor's motion to extend or impose the automatic stay specifically provided that the Court's findings were limited to the context of the motion and "nothing in [the] order shall be construed as res judicata to prevent Debtor, the trustee, or any party in interest from challenging or establishing that this case or plan was filed or proposed in good faith for purposes of 11 U.S.C. §§ 1307 or 1325."

3

the clear and convincing evidence standard, while the standard of proof for establishing good faith for purposes of § 1325 is the preponderance of the evidence standard. See 11 U.S.C. §§ 362(c)(3)(C) & 362(c)(4)(B); In re Tomasini, 339 B.R. 773, 775 (Bankr. D. Utah 2006). For these reasons, this Court finds that the good faith inquiry at confirmation is not identical to the good faith inquiry in a motion to extend or impose the automatic stay and therefore, Debtor could obtain confirmation of his plan even though the Court previously denied his motion to extend the automatic stay.[2]

As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Reform Act"), Congress added §1325(a)(7), which requires that, for purposes of confirming a plan, the action of the debtor in filing the petition must be in good faith. The determination of whether the debtor's filing of the petition was in good faith under § 1325(a)(7) requires an examination of the totality of the circumstances. In re Tomasini, 339 B.R. 773, 775 (Bankr. D. Utah 2006). Under longstanding precedent, this Court has required a debtor to show a change in circumstances between the filing of a new case and the dismissal of a previous case in order to justify the refiling under the good faith analysis. See In re Pryor, 54 B.R. 679, 681 (Bankr. D.S.C. 1985); In re Hartley, 187 B.R. 506, 507 (Bankr. D.S.C. 1995); see also In re Bennett, No. CA.2:04-CV-23129-CWH, 2006 WL 1207827 at *2 (D.S.C. May 1, 2006). The undersigned is not convinced that the requirements or penalties for refiling under the Reform Act of 2005 alter that requirement. The determination of whether a debtor has had a change of circumstance that would make a new case more likely to succeed is relevant to confirmation

---

[2] However, under some circumstances the Court's denial of a debtor's motion to extend the stay may be considered in analyzing good faith under § 1325(a)(7), including whether it indicates an abuse or bears upon the likelihood of Debtor performing under a confirmed plan. For instance, in the undersigned's view, the failure to seek an extension of stay when it is applicable, either by error or design, could be an indication of a debtor's lack of good faith.

requirements, including the feasibility analysis, and is necessary to avoid the waste of time and resources and the resulting delay to creditors that would occur if the "same" case were to begin anew. Therefore, for purposes of § 1327(a)(7), this Court shall continue to consider the following nonexclusive factors in determining whether a debtor's filing of the petition was in good faith: 1) the debtor's past bankruptcy filings, which includes a determination of whether the debtor experienced a change in circumstances warranting another filing; 2) the period of time that elapsed between the debtor's filings; 3) the debtor's pre-petition behavior; and 4) the effect of debtor's repeated filings on creditors. See In re Goodwin, C/A No. 05-45110-JW, slip. op. at 3 - 4 (Bankr. D. S.C. Dec. 19, 2005)(citing In re Brown, C/A No. 03-07515-W, slip op. at 4 (Bankr. D. S.C. Sept. 26, 2003).

The application of these factors to this case indicates that Debtor's filing of the petition may not have been in good faith. The Debtor's filing of three bankruptcy cases within a one-year period indicates bad faith in that these repeated filings have delayed creditors in their payments and attempts to recover their collateral. No testimony or other evidence was presented at the confirmation hearing to demonstrate a change in circumstances since Debtor's previous case that indicates that the filing of this case was warranted or convinces the Court that Debtor has the ability to perform his plan. While the Court may in its discretion consider testimony presented at the hearing on the motion to impose the stay, Debtor should not rely on that evidence. At the confirmation hearing, Debtor bears the burden of proving that his case was filed in good faith and must present testimony or other competent evidence to do so. Accordingly, based on the lack of evidence at the confirmation hearing, the Court is unable to conclude that Debtor's

petition was filed in good faith and finds that the Trustee's objection to confirmation on this ground should be sustained.

*II.    11 U.S.C. § 1325(a)(3)*

The Trustee further asserts that Debtor's plan has not been proposed in good faith under 11 U.S.C. § 1325(a)(3). In light of the Court's finding that confirmation must be denied under § 1325(a)(7), the Court declines to address whether Debtor's plan meets the requirements of § 1325(a)(3) at this time.

Therefore, it is hereby

ORDERED that confirmation of Debtor's plan is denied.[3]

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
January 9, 2008

---

[3] The Trustee requested that upon denial of confirmation the case be dismissed. However, considering that a dismissal would be with prejudice, the Court declines to consider dismissal, absent the filing of a petition seeking that relief by the Trustee.